**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff,

vs. Case No. 1:22-cr-00040-KWR-1

SEAN MONROE,

Defendant.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

THIS MATTER comes before the Court upon Defendant's Motion for Early Termination of Supervised Release, filed on November 17, 2026 (**Doc. 96**). Having considered Defendant's written arguments and the applicable law, the Court finds Defendant's Motion is not well-taken and, therefore, is **DENIED**.

**BACKGROUND**

On September 15, 2023, Defendant pleaded guilty to two counts: Count 1 of the indictment, charging a violation of 18 U.S.C § 922(u), theft of a firearm from a licensed firearms dealer, and Count 2 of the indictment, charging a violation of 18 U.S.C. §§ 922(g)(3) and 924, a prohibited person in possession of a firearm and ammunition. ***See*** **Doc. 55** (Plea Agreement). The conduct underlying the two counts stemmed from Defendant's theft of a firearm to feed a drug habit. **Doc. 57 ¶¶ 12–17**. On January 12, 2024, this Court entered judgment as to Defendant, imposing a sentence of five years' probation. **Doc. 68** (Judgment).

On October 18, 2024, Defendant was charged with four traffic citations that led to a probation revocation summons. **Doc. 77 at 1** (Violation Report).

> On November 1, 2024, a Petition for Revocation of Probation requesting a Summons was filed advising the Court the defendant was cited for traffic infractions. On November 12, 2024, an Order was filed by the Court requesting a submission of a corrected Petition for the issuance of a warrant. On November 13, 2024, an Amended Petition for Revocation of Probation was filed requesting a warrant.
>
> On November 19, 2024, the defendant was arrested and appeared for an Initial Appearance, Preliminary and Detention Hearings . . . . The defendant was released that day on Conditions of Release pending his Final Revocation Hearing.

**Doc. 89 at 1**. The USPO assessed Defendant's circumstances and concluded that "[Defendant] has taken accountability for his actions that led to the upcoming Court proceedings and has verbalized his intent to comply with all traffic laws." ***Id.* at 2**. Based on this finding, the USPO "recommended the defendant's term of Probation not be revoked and that the term of Probation be continued with all previously imposed conditions pursuant to 18 U.S.C. 3565(a)(1)." ***Id.*** On March 26, 2025, the Court resentenced Defendant to 1-day or time-served and 3-years of supervised release. ***See generally* Doc. 95** (J. Probation Revocation & Supervised Release).

On November 17, 2026, Defendant filed the instant motion with the Court. ***See generally* Doc. 96**. The Motion is unopposed. ***Id.***

**LEGAL STANDARD**

Modification of conditions and revocation are governed by 18 U.S.C. § 3583(e), which allows a sentencing court to retain authority to terminate, extend, or revoke conditions of Supervised Release "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . ." *See* 18 U.S.C. § 3583(e). The § 3553(a) factors the Court considers include "the nature and circumstances of the offense and the history and characteristics of the defendant," the applicable sentencing guidelines and any policy statements issued by the Sentencing Commission, the need for the sentence imposed to deter other

criminal conduct and protect the public, and to provide the defendant with needed services. *See* 18 U.S.C. § 3553(a).

"Deciding whether to grant or deny early termination from supervised release is left 'wholly' to 'the discretion of the sentencing court.'" *United States v. Kalisch*, 748 F. Supp. 3d 1079, 1082–83 (D.N.M. 2024) (quoting *Rhodes v. Judiscak*, 676 F.3d 931, 935 (10th Cir. 2012)).

**DISCUSSION**

Defendant asserts that early termination of his sentence of supervised release is proper for several reasons, primarily encompassing the theme that Defendant has reformed his behavior. First, Defendant argues that early termination is warranted because "[s]ince his sentencing [Defendant] has maintained full-time employment, housing, and most importantly his sobriety from the substance use disorder that directly led to the offense conduct in this case." **Doc. 96 ¶ 8**. Additionally, Defendant advances as support that his "only violation on pretrial or post-conviction supervision occurred on October 18th, 2024, when he was charged with four minor traffic citations, all which [he] immediately rectified." ***Id.* ¶ 9**. Finally, Defendant underscores that his current probation officer supports early termination and cites selected studies that endorse early termination. ***Id.* ¶¶ 12–14**.

While the Court is pleased to hear of Defendant's sustained success in sobriety, employment, and adherence to the terms of his supervised release, the Court finds that early termination from supervised release under 18 U.S.C. § 3583(e)(1) is not currently appropriate. Specifically, the Court is not "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In denying Defendant's Motion, the Court has considered all of the applicable factors set forth in 18 U.S.C. § 3583(e); the Court focuses particularly on defendant's unique "history and characteristics" and the need "to

provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." Guide to Judiciary Policy, Vol. 8, Part E, Ch. 3, § 380.10(b)(4), (e)(1)(a), (e)(2)(a); 18 U.S.C. §§ 3553(a)(1).

Initially, the Court notes that Defendant already received a substantial benefit from the significant reduction in sentencing after this Court varied downward during Defendant's initial sentencing. **Doc. 69** (Order Granting United States' Mot. Downward Adjustment in Def.'s Offense Level). This sentence variance reflected the Court's care in tailoring a sentence to the particularized offense conduct and history and characteristics of Defendant; the Court viewed probation as capable of offering the greatest salutary effect on Defendant—which has proven true through Defendant's own briefing.

Most significantly, the Court understands that while Defendant's violation of the terms of his probation was not grievous, the terms of his probation are to ensure his continued adherence to a path of sobriety. Indeed, "[s]upervised release is not punitive—it is meant to aid Defendant's rehabilitation." *United States v. Syed*, 717 F. Supp. 3d 1066, 1069 (D.N.M. 2024) (citing *United States v. Johnson*, 529 U.S. 53, 59 (2000)). "And here, it appears to be serving its exact purpose." *Id.* A medicine's show of efficacy is not a signal to stop taking it, but rather more reason to maintain the current course. This Court has reaffirmed this very principle before. *See, e.g.*, *Kalisch*, 748 F. Supp. 3d at 1083 ("compliance on release 'does not warrant early termination.'") (quoting *United States v. Givens*, No. 14-cr-74, 2022 WL 2820081, at *1, 2022 U.S. Dist. LEXIS 238215, at *1 (E.D. Ky. July 19, 2022)). Defendant's urging for termination of supervised release on the basis that he has demonstrated a reformed, drug-free lifestyle only showcases that the structure of his supervision has ensured his success.

Defendant's history reflects an extensive litany of criminal activity and recidivism from his 20s through his 30s, precipitated in large part by a debilitating and pernicious substance abuse problem. **Doc. 57 ¶¶ 40–65, 80–84**. The conduct underlying the instant offense was precipitated by his substance abuse: "[D]efendant admitted he use[d] both heroin and fentanyl and stole the firearm to pay for a drug debt." ***Id.* ¶ 20**. The Court commends Defendant for remaining drug-free and cutting out a volatile and damaging component of his lifestyle and maintaining continued employment. Nevertheless, the Court cannot blind itself to Defendant's past of substance abuse and unlawful conduct.

The Court continues to view the current term of supervised release as sufficient but not greater than necessary to comply with the purposes of sentencing, and at this time, finds that Defendant must continue to serve that term. The Court finds that termination of supervised release at this time is not in the interest of justice. 18 U.S.C. § 3583(e)(1).

## CONCLUSION

Accordingly, for the reasons set forth in this Memorandum Opinion and Order, Defendant's Motion for Early Termination of Supervised Release (**Doc. 96**) is **DENIED**.

**IT IS SO ORDERED**.

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE